The question first in importance in this case is whether the Industrial Commission is authorized under its rule-making power conferred by Section 1465-44, General Code, to require an applicant for workmen's compensation, as a condition precedent to a consideration of his claim, to sign and file a waiver providing as follows:
"By signing this application I expressly waive, on behalf of myself and of any person who shall have any interest in this claim, all provisions of law forbidding any physician or other person who has heretofore attended or examined me, or who may hereafter attend or examine me, from disclosing any knowledge or information which they may thereby acquire."
It is contended by counsel for the respondent that such a requirement may be prescribed and enforced *Page 499 
by the commission by reason of the broad powers conferred upon it by the statutes to adopt rules and regulations with respect to the presentation and consideration of claims for compensation, under which rules so adopted it has prepared and prescribed forms of notices, applications, proofs, certificates, etc., and requires that such forms must be used in all cases. Based upon an argument of necessity or expediency, it is thus contended that a commission may, by rule adopted under general authority conferred by the law-making power, repeal the clear and express provisions of Section 11494, General Code, protecting as privileged the communications of patient to physician in such relation. The right to workmen's compensation conferred by law would thus be restricted by a rule of the commission and limited to those who would expressly renounce certain definite substantive rights in accordance with the commission's requirement. The mere statement of the proposition contains its own refutation.
The decision of this court in the case of IndustrialCommission v. Warnke, 131 Ohio St. 140, 2 N.E.2d 248, cannot be tortured into an authority for the proposition here advanced by respondent. The only question presented in that case and the only question decided, as shown by the syllabus, was whether one claiming compensation as a dependent of a deceased workman could waive the privilege conferred by the statute. The court did not decide that Section 11494, General Code, had been repealed by implication by the workmen's compensation law and made no suggestion that waiver of the right could be compelled by the Industrial Commission.
If there is to be any modification of the provisions of this statute in the respect involved here or otherwise, that is the province of the legislative branch of the government.Davis v. State, ex rel. Kennedy, *Page 500 127 Ohio St. 261, 187 N.E. 867. Some such modifications have been made in other states. 5 Wigmore on Evidence (2 Ed.), Section 2380. The medical examinations to which a claimant may be required to subject himself under the provisions of Section 1465-95, General Code, do not involve the physician-patient relation and require no waiver for their enforcement.
Going now to the second question presented, we are of opinion that the claimant is entitled to present and prosecute both claims and is not required to elect at his peril upon which one he must rely. The applications disclose that injuries for which compensation is claimed were sustained in the same employment, at different times, but which one, if either, resulted in the permanent disability asserted may be difficult of ascertainment. The claimant should not have been required to dismiss either claim as a condition precedent to the prosecution of the other.
It follows that the judgment of the Court of Appeals is affirmed.
Judgment affirmed.
WEYGANDT, C.J., DAY, ZIMMERMAN, WILLIAMS and MYERS, JJ., concur.
DIXON, J., not participating.