The State, ex rel. Floyd et al., *v.* Court of Common Pleas of Montgomery County et al.

[Cite as State, ex rel. Floyd, v. Court of Common Pleas (1978), 55 Ohio St. 2d 27.]

(No. 77-1049—Decided July 5, 1978.)

28

*Messrs. E. S. Gallon & Associates* and *Mr. Patrick W. Allen,* for relators.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. James F. Barnhart,* for respondents.

*Per Curiam.* The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy. *State, ex rel. Glass,* v. *Brown* (1977), 52 Ohio St. 2d 7.

Relators' position is that a party bringing suit for personal injuries may not be compelled to disclose privileged medical information by giving opposing counsel authority to investigate medical information *prior* to a waiver of the physician-patient privilege.

It is clear that such privilege has not been waived. A party does not waive the physician-patient privilege accorded to him by R. C. 2317.02(B) merely by filing suit and claiming personal injuries arising from an accident.

Relators are seemingly confusing *waiver* with *disclosure* of privileged information. Until a waiver occurs, defense counsel may not use the information at trial.

Respondent judge issued his order pursuant to Civ. R. 16, which states in part:

"A court may adopt rules concerning pretrial procedure to accomplish the following objectives:

"* * *

"(6) The exchange of medical reports and hospital records;

"* * *

"*The producing by any party of medical reports or hospital records does not constitute a waiver of the privilege granted under Section 2317.02, Revisde Code.*" (Emphasis added.)

Local Rule 2.21(C) reflects this grant of authority by providing that in a pre-trial order the court may order the "exchange [of] medical reports and hospital records."

The above-emphasized portion of Civ. R. 16 creates a distinction between a court-ordered disclosure and the use at trial or discovery* of that information.

Relators have not demonstrated that respondent's order was unauthorized by law. Therefore, a writ of prohibition will not lie, and it is hereby denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

*Civ. R. 26(B)(1), relating to discovery, states that "[p]arties may obtain discovery regarding any matter, *not privileged*, which is relevant * * *." (Emphasis added.)