THE STATE, EX REL. HOLMAN, APPELLEE, *v.* DAYTON PRESS, INC. ET AL., APPELLANTS.

[Cite as State, ex rel. Holman, *v.* Dayton Press, Inc. (1984), 11 Ohio St. 3d 66.]

(No. 83-557—Decided May 29, 1984.)

Mr. *Michael J. Muldoon,* for appellee.

*Smith & Schnacke Co., L.P.A., Ms. Edna Scheuer* and *Mr. Thomas A. Jackson,* for appellant Dayton Press, Inc.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Robert J. Kent,* for appellant Industrial Commission.

*Per Curiam.* R.C. 2317.02 states:

"The following persons shall not testify in certain respects:

"* * *

"(B) A physician concerning a communication made to him by his patient in that relation or his advice to his patient but the physician may testify by express consent of the patient * * * or if the patient voluntarily testifies the physician may be compelled to testify on the same subject * * *."

Appellants concede that appellee's medical records are privileged pursuant to R.C. 2317.02(B). They nevertheless argue that the commission had authority for the actions and the order which are the focus of this controversy.

The order from which appellee appealed permitted Dayton Press to depose appellee and his physicians concerning his condition and allowed a subpoena to issue for the purpose of obtaining appellee's medical records.

The question presented by this appeal is whether the scope of that order exceeded that of the commission's authority to issue it. We hold that it did.

R.C. 4123.08 and 4123.09 provide the commission with certain discovery powers:

"* * * the industrial commission * * * may * * * compel * * * the production of * * * records, documents, evidence, and testimony." R.C. 4123.08. "In claims filed before the industrial commission by injured employees * * * the commission may cause depositions * * * to be taken * * *." R.C. 4123.09.

While appellants concede that the medical records in question are privileged, they liken the instant situation to that found in *State, ex rel. Floyd,* v. *Court of Common Pleas* (1978), 55 Ohio St. 2d 27 [9 O.O.3d 16], where relators sought a writ of prohibition to avoid an order compelling disclosure of certain medical records prior to trial. This court acknowledged the distinction which Civ. R. 16 creates between waiver and disclosure of privileged information. Civ. R. 16 states in pertinent part:

"A court may adopt rules concerning pretrial procedure to accomplish the following objectives:

"* * *

"(6) The exchange of medical reports and hospital records;

"* * *

"The producing by any party of medical reports or hospital records does not constitute a waiver of the privilege granted under Section 2317.02, Revised Code."

Citing Civ. R. 16, this court held that a court may require disclosure of privileged information for limited purposes without requiring waiver of privilege. Appellants argue that this same distinction can be made with regard to a workers' compensation claim. They suggest that a claimant can be required to produce medical records for the limited purpose of enabling the commission to evaluate his claim, without waiving his privilege.

This analogy, however, is not complete. As noted above, Civ. R. 16 does permit disclosure of medical records. However, it also expressly maintains the physician-patient privilege. No such protection is found in the rules pursuant to which the commission claims authority. Moreover, Ohio Adm. Code 4121-9-03(M)(4) states in part: "The claimant shall honor the employer's request for appropriate written authorization to obtain medical reports * * *." This rule clearly does not make a distinction between disclosure and waiver. It, instead, simply requires waiver at the employer's request.

Dayton Press insists, in its brief, that "[a]t no time has the * * * [bureau or the commission] refused to consider * * * [appellee's] Workers' Compensation claim until he signed a waiver of the patient-physician privilege." The record shows that appellant's contentions are not well-founded. Directions from both the deputy administrator and the administrator of the bureau clearly indicated that any application which did not contain a signed physician-patient waiver would be rejected.

In *State, ex rel. Galloway,* v. *Indus. Comm.* (1938), 134 Ohio St. 496 [13

O.O. 102], this court was faced with the issue of whether the commission was authorized under its rule-making power to require an applicant, as a condition precedent to a consideration of his claim, to sign and file a waiver. This court held in paragraph two of the syllabus that:

"The provisions of Section 11494, General Code [R.C. 2317.02(B)], protecting as privileged the communications of patient and physician in that relation, confer a substantial right, waiver of which may not be required by the state Industrial Commission as a condition precedent to the consideration of an application for workmen's compensation."

If, as appellants contend, the workers' compensation system could not function properly for lack of the medical evidence, then the commission may order appellee to submit to a medical examination or, if he refuses, suspend consideration of the claim pursuant to R.C. 4123.53. They cannot, however, now avoid their duty to consider appellee's claim for lack of medical evidence.

As noted by the court of appeals, appellee will be required to present proof of his injury as the proceedings progress and may choose to waive the privilege at some future time; however, such a choice belongs to appellee alone. Unless he waives the privilege by consent or testimony the information remains privileged.

The commission is under a clear legal duty to consider appellee's claim without restricting his substantive rights. Where, as here, a claimant must waive the physician-patient privilege as a condition precedent to consideration of his claim, an abuse of discretion has been shown, and a writ of mandamus is appropriate. *State, ex rel. Galloway,* v. *Indus. Comm., supra.* The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment only.