TALVAN et al., Appellants,

v.

SIEGEL, Appellee, et al.

[Cite as *Talvan v. Siegel* (1992), 80 Ohio App.3d 781.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1275.

Decided July 21, 1992.

782

*Ted Chuparkoff,* for appellants.

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A., Thomas E. Boyle* and *Jumana E. Trad,* for appellee Adam Marc Siegel.

WHITESIDE, Judge.

Plaintiffs, George and Dessie Talvan, appeal from an order of the Franklin County Common Pleas Court granting the motion of defendant Adam Marc Siegel to require the taking of the deposition of plaintiffs' personal physician. In support of their appeal, plaintiffs have raised a single assignment of error as follows:

"The trial court erred in ordering the discovery deposition of appellants' physician in the absence of a waiver of the physician/patient privilege."

This cause arises from an automobile accident which occurred on May 18, 1987, in which both plaintiffs were injured. This action was commenced against defendants on May 2, 1989. In October 1991, defendant issued a notice to take the deposition of plaintiffs' personal physician. Said physician has not been designated as an expert witness for plaintiffs, nor is he a party to the action. Plaintiffs did not wish to waive the physician-patient privilege with respect to confidential statements made by them. The trial court sustained defendant's motion and ordered plaintiffs' personal physician to appear for the deposition and " * * * to answer questions posed to him, by counsel, under oath, relative to his care and treatment of plaintiffs * * *." There was no restriction in the order as to the scope of questioning.

The initial issue is whether this otherwise interlocutory order constitutes a final appealable order within the purview of R.C. 2505.02. Ordinarily, discovery orders are not appealable until final termination of the action. *Kennedy v. Chalfin* (1974), 38 Ohio St.2d 85, 67 O.O.2d 90, 310 N.E.2d 233. An exception, however, has been made with respect to discovery orders issued in violation of the physician-patient privilege by requiring communications between the physician and patient to be revealed despite the confidential nature of such communication. In *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877, the Supreme Court expressly held that a trial court order compelling disclosure of information concerning hospital-patient confidentiality constitutes a final appealable order. See, also, *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 538 N.E.2d 419; *Voss v. Voss* (1989), 62 Ohio App.3d 200, 574 N.E.2d 1175; and *Brown v. Yothers* (1988), 56 Ohio App.3d 29, 564 N.E.2d 714. Cf. *Ohio State Med. Bd. v. Miller* (1989), 44 Ohio St.3d 136, 541 N.E.2d 602.

The physician-patient privilege precluding discovery of the private and confidential communications between physician and patient has been considered such a strong substantial right that, on occasion, the Supreme Court has rendered extraordinary writs precluding disclosure of such private and confidential communications between a physician and patient. In *State ex rel.*

*Holman v. Dayton Press, Inc.* (1984), 11 Ohio St.3d 66, 11 OBR 256, 463 N.E.2d 1243, the Supreme Court issued a writ of mandamus ordering respondent commission to consider a claim even though the claimant had refused to sign a waiver of the physician-patient relationship as required by commission rule following *State ex rel. Galloway v. Indus. Comm.* (1938), 134 Ohio St. 496, 13 O.O. 102, 17 N.E.2d 918. In *State ex rel. Lambdin v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681, the Supreme Court granted a writ of prohibition precluding enforcement of an order of a common pleas court in a personal injury action ordering the plaintiff in the action to turn over to the defendant therein hospital records and medical reports made by plaintiff's attending physicians in relation to his injury. First, the court expressly held that the filing of an action for personal injury does not constitute a waiver of the physician-patient privilege. The court then held at 24, 50 O.O.2d at 46, 254 N.E.2d at 683:

"It must be emphasized at this point that the extraordinary remedy of prohibition sought to be invoked in this proceeding is a high prerogative writ and may not be used as a substitute for appeal. However, because of the extreme and legally questionable nature of the order of the court below—that any failure to comply with that court's order would constitute 'an unlawful interference' with the judicial process, and that anything relator failed to disclose would be excluded from evidence at the trial—damage to plaintiff's rights by such forced disclosure could not be avoided by an appeal. Under such circumstances, the court's order amounts to a usurpation of judicial power, and appeal, under these circumstances, is not an adequate remedy at law."

No consideration was given in *Lambdin* to the possibility of an immediate appeal upon the basis found in *Humphry.* See, however, *State ex rel. Floyd v. Court of Common Pleas* (1978), 55 Ohio St.2d 27, 9 O.O.3d 16, 377 N.E.2d 794, denying the issuance of a writ of prohibition with respect to an order of a trial court as part of a pretrial order under Civ.R. 16 requiring disclosure of privileged information but preserving the physician-patient privilege by providing that the information so disclosed could not be used at trial unless a waiver occurred. This issue arose under Civ.R. 16 and the Supreme Court noted at 29, 9 O.O.3d at 17, 377 N.E.2d at 795, that " * * * Civ.R. 16 creates a distinction between a court-ordered disclosure and the use at trial or discovery of that information."

Accordingly, we must conclude that the order appealed from is appealable under R.C. 2505.02 as an order affecting a substantial right made in special proceeding, and that it is error for a court to order discovery of

privileged information in violation of the physician-patient privilege in the absence of a waiver by the person possessing such privilege.

▮ Defendant contends that plaintiffs have waived their physician-patient privilege with respect to their personal physician, relying upon R.C. 2317.-02(B), as amended effective January 5, 1988, Civ.R. 35(B)(2), and a "waiver" executed by each of the plaintiffs. The amendment to R.C. 2317.02, effective January 5, 1988, does not apply to this action, since Section 3 of the Act enacting such amendment (Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1661, 1692–1694) expressly provides that the amendments made thereby apply only to tort or other civil actions both commenced on or after the effective date of the Act and based upon claims for relief and tortious conduct on or after that date. R.C. 2317.02 was also amended effective November 1, 1989 and March 27, 1991, both subsequent to the commencement of this action. The 1991 amendment expressly provides that it does not apply to pending proceedings. The 1989 amendment does not contain a provision that it does apply to pending proceedings and, therefore, would not apply to this action pursuant to R.C. 1.58. Accordingly, the pertinent version of R.C. 2317.02 is that in effect prior to January 5, 1988.

▮ Both the 1988 and 1991 versions of R.C. 2317.02(B) provide that the testimonial physician-patient privilege is waived " * * * in accordance with the discovery provisions of the Rules of Civil Procedure [if] * * * an action for wrongful death, [or] any other type of civil action * * * is filed by the patient * * *," but only with respect to communications " * * * related causally or historically to physical or mental injuries that are relevant to issues in the * * * action for wrongful death, [or] other civil action * * *." However, R.C. 2317.02 as in effect prior to January 5, 1988, and applicable herein, as amended by Am.Sub.H.B. No. 529, 141 Ohio Laws, Part III, 4865, 4871–4873, effective March 11, 1987, provided that:

"The following persons shall not testify in certain respects:

" * * *

"(B) A physician concerning a communication made to him by his patient in that relation or his advice to his patient except that the physician may testify by *express consent* of the patient * * * and except that, if the patient voluntarily testifies or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject * * *." (Emphasis added.)

R.C. 2151.421 pertains to child abuse or neglect. Accordingly, under the circumstances herein, the discovery ordered by the trial court is not proper

unless there has been "express consent" of plaintiffs to the taking of the deposition of their personal physician.

Defendant's reliance upon the Civil Rules is misplaced under the circumstances herein. First, Civ.R. 26(B)(1) provides that:

"Parties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.)

In other words, Civ.R. 26(B)(1) expressly provides that matters which are privileged are not discoverable. Civ.R. 35(B) makes a limited exception to this prohibition of discovery of privileged matters, and provides that under certain circumstances the privilege may be deemed waived. Civ.R. 35(A) provides that a party must submit to physical or mental examination when such mental or physical condition is in controversy. Civ.R. 35(B)(1) provides that the party causing the examination must, upon request, deliver a copy of the report of such examination. However, that rule further provides that " * * * [a]fter delivery, the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or, thereafter made, of the same condition * * *." In addition, Civ.R. 35(B)(2) states that:

"By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition."

As indicated above, the Supreme Court has expressly held that the physician-patient privilege is a substantive right. Such right cannot be abridged by a procedural rule such as the Civil Rules. However, the rules may establish procedures for exercise of the right to such privilege. Here, the rule provides that certain conduct constitutes a waiver of a substantive right. Whether such deemed waiver constitutes such an abridgement of the substantive right that the rule is in conflict with the statute conferring such substantive right need not be determined herein.[1] Rather, the breadth of the order of the trial court goes far beyond that which would be permitted even under Civ.R. 35(B). The order is not limited in scope, and does not confine the

---

1. As to what constitutes "taking a deposition," Civ.R. 35(B) must be read in conjunction with Civ.R. 30(B) and, therefore, plaintiffs did not "take" the deposition of Dr. Hauser within the meaning of the rule.

deposition to matters pertaining to the physical condition which is the subject of the action. Nor is the order predicated upon an examination by plaintiffs' personal physician "in respect of the * * * physical condition" which is the subject of the controversy between the parties herein. Plaintiffs point out that their personal physician will not serve as an expert witness and will not testify in this case.

Additionally, there is a controversy between the parties as to whether a Civ.R. 35(B) request was made by plaintiffs for a copy of the defendants' examining physician's report. Plaintiffs contend that the report was obtained pursuant to Civ.R. 16(6), which provides for "[t]he exchange of medical reports and hospital records." However, Civ.R. 16 further provides that:

"The producing by any party of medical reports or hospital records does not constitute a waiver of the privilege granted under Section 2317.02, Revised Code."

Accordingly, there has been no waiver by plaintiffs of their R.C. 2317.02(B) privilege with respect to their personal physician.[2]

The third contention by defendant is that there has been an express waiver of the privilege. Each of the plaintiffs signed an authorization to their personal physician to allow defendant's counsel " * * * to examine and copy any and all charts, records, reports, consultations, tests, x-rays, radiology reports, test reports, surgery records, pathology reports, and/or autopsy reports, as applicable, with respect to your care, treatment, and/or evaluation of my medical condition. * * * " Such release does not constitute the "express consent" required by R.C. 2317.02(B) to the taking of testimony of their personal physician contrary to the physician-patient privilege. Rather, the releases at most constitute a waiver with respect to certain reports which would be within the contemplation of both Civ.R. 16 and Civ.R. 35(B)(1). Furthermore, the releases signed by each plaintiff contain a provision that states:

"A copy of this authorization made by duplicating process shall be valid for all purposes as this original signed by me. *I understand that the release form must be dated not more than sixty (60) days before the date on which it is submitted.*" (Emphasis added.)

The release form is dated "4–11–91." It was more than six months later that defendant gave notice that he intended to take the deposition of plaintiffs' personal physician. Clearly, the release pertaining to reports which

---

2. The concerns of the concurring opinion may well be met by amended R.C. 2317.-02(B)(1)(c) and (B)(2) now in effect, which are not applicable herein for the reasons stated above.

defendant's counsel was authorized "to examine and copy" had long since expired by its terms. Immediately following receipt of notice of defendant's intention to take the deposition of plaintiffs' personal physician, plaintiffs, through their counsel, expressly advised counsel for defendant that neither plaintiff " * * * has waived, or intend to waive the privilege between doctor and patient * * *."

Accordingly, there has been no waiver of the statutory physician-patient privilege so as to permit taking of the deposition of plaintiffs' personal physician either under Civ.R. 16(6), Civ.R. 35(B), or by express consent. See *Brown, supra*. The assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Common Pleas Court ordering the taking of the deposition of plaintiffs' personal physician is reversed, and this cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG, P.J., concurs.

TYACK, J., concurs separately.

TYACK, Judge, concurring separately.

While I agree that counsel for the defendant should not have unfettered ability to inquire of the one treating physician for plaintiffs, I believe that a discovery deposition should be permitted as to medical issues relevant to the injuries claimed by plaintiffs in their civil suit. Plaintiffs have not only been examined by Walter H. Hauser, M.D., a physician retained on behalf of the defendant, but a videotape deposition of Dr. Hauser has been conducted.

To me, the majority opinion overlooks certain portions of Civ.R. 35(B) which come into play as a result of that deposition. Specifically, Civ.R. 35(B)(2) reads, in its entirety:

"By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition."

Civ.R. 35(B)(3) reads:

"This subdivision, 35(B), applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise."

Since counsel for plaintiffs participated in deposing Dr. Hauser, I believe plaintiffs cannot avoid a finding that, pursuant to Civ.R. 35(B), they have waived any privilege they may have had regarding the testimony of every other person who has examined them in respect to the same condition. Thus, the treating physician should be deposed, but only within the scope permitted by Civ.R. 35(B).

I do not think that the fact that the deposition of Dr. Hauser was initiated by the defendant in preparation for trial means that plaintiffs did not take his deposition for purposes of Civ.R. 35(B). Counsel for plaintiffs asked questions and received answers under oath in the deposition the same as if counsel had issued the notice himself.

My overriding concern, however, is that the majority opinion is an invitation to fraud. Plaintiffs can see one physician for purposes of litigation and a different physician for purposes of day-to-day treatment for the same injuries which are the subject of the litigation. As I read the majority opinion, personal injury plaintiffs, at least for the time frame involved in this case, can choose to conceal that which is known to their treating physicians from the court, even though the information is extremely important to an accurate assessment of damages.

While filing a lawsuit does not subject all of an individual's private thoughts and conditions to scrutiny, embarking on a course of personal injury litigation *does* involve a conscious choice to reveal in a public forum those physical conditions which the individual alleges are related to damages. Thus, in a very real sense, the very act of filing a lawsuit constitutes a waiver of privilege as to the medical injuries alleged in the damages.

As a result, I concur that the specific order entered in the trial court should be reversed. However, I believe that a new order should be entered which allows a deposition of the physician within the scope allowed by Civ.R. 35(B).