[Cite as *Gentile v. Duncan*, 2013-Ohio-5540.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rebecca R. Gentile, | : | |
| Plaintiff-Appellant, | : | No. 12AP-1023 |
| | | (C.P.C. No. 11CVC-10-12421) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| David D. Duncan et al., | : | |
| Defendants-Appellees. | : | |

# D E C I S I O N

Rendered on December 17, 2013

*Scott Elliot Smith, LPA*, and *Scott Elliot Smith*, for appellant.

*Marshall W. Guerin*, for appellee David D. Duncan.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, Rebecca R. Gentile, from an entry of the Franklin County Court of Common Pleas granting a motion to compel discovery filed by defendant-appellee, David D. Duncan.

{¶ 2} On October 6, 2011, appellant filed a complaint against appellee and State Farm Fire & Casualty Company ("State Farm"). According to the complaint, appellant was operating a motor vehicle on October 13, 2009; while stopped in traffic, her vehicle was struck from behind by a vehicle driven by appellee, causing injuries to appellant's back and neck. At the time of the accident, appellant had an automobile liability insurance policy issued by State Farm. On October 18, 2011, appellant filed an amended complaint, alleging negligence on the part of appellee, and alleging claims against State

Farm for breach of contract and declaratory judgment for medical payment subrogation. State Farm filed an answer and a cross-claim against appellee, asserting a right of subrogation.

{¶ 3}  On December 16, 2011, appellant filed a motion for summary judgment seeking a determination that appellee was negligent per se for violating Ohio's assured clear distance statute.  On December 29, 2011, appellee filed a memorandum in opposition to the motion for summary judgment.  Appellee did not dispute he owed a duty of care to appellant and that he breached that duty; he asserted, however, that jury issues remained as to causation and damages.  On February 1, 2012, appellant filed a motion for summary judgment on the issue of whether her injuries, treatment, and medical bills were a proximate result of the automobile collision of October 13, 2009.  Attached to the motion was the affidavit of Dr. Gladstone C. McDowell.  Appellee filed a memorandum in opposition to the motion for summary judgment.

{¶ 4}  On February 12, 2012, appellee filed a motion to compel appellant to execute medical releases and for an in camera review of records.  In the accompanying memorandum, appellee argued that appellant was claiming neck and back injuries caused by the accident and that a review of the records already produced by appellant showed degenerative disc space narrowing.  Appellee requested that the court order appellant to execute three "medical authorization" release forms attached to the motion as exhibit No. 9.  Two of the release forms specifically requested medical billing information.

{¶ 5}  On February 17, 2012, appellant filed a memorandum contra appellee's motion to compel the execution of medical releases and for an in camera inspection. Appellant argued she had provided all medical records and bills with respect to treatment she had received as a result of the collision, and had supplemented discovery responses to include all medical records of her treating physician related to neck and back treatment pre-dating the accident.

{¶ 6}  On November 13, 2012, the trial court filed a journal entry granting appellant's motion for summary judgment on the issue of duty and breach, but denying it on the issue of proximate cause. Further, the court granted appellee's motion to compel, ordering appellant to "execute the necessary medical releases if she has not already done so." The court denied the motion with respect to an in camera review of records.

{¶ 7}   On appeal, appellant sets forth the following four assignments of error for this court's review:

> I. The trial court erred in ordering the Plaintiff [to] execute medical authorizations for the Defendant to obtain all unrelated and related medical records of Plaintiff from Plaintiff's medical providers from birth to the present without ordering an in camera inspection.
>
> II. The trial court erred in requiring Plaintiff to produce all medical records from birth to present in contravention of R.C. 2317.02(B)(3)(a).
>
> III. The trial court erred in failing to order an in camera inspection of Plaintiff's medical records which are privileged and are not causally or historically related to claimed injuries.
>
> IV. The trial court erred in ordering Plaintiff [to] execute medical authorizations for her medical records without limitation in time or breadth related to Plaintiff's claimed neck and back injuries, even though the Plaintiff had already provided medical records that pre-existed and were causally and historically related to the injuries claimed from the trauma producing incident.

{¶ 8}   Appellant's assignments of error, all addressing the trial court's order granting appellee's motion to compel appellant to execute medical release authorizations, are interrelated and will be considered together.   Under these assignments of error, appellant challenges the motion to compel as overly broad and argues that the trial court erred in failing to conduct an in camera inspection to determine which of her medical records were related to her claim.

{¶ 9}   At the outset, we note the general rule that discovery orders are considered interlocutory and not immediately appealable.  *Legg v. Hallet,* 10th Dist. No. 07AP-170, 2007-Ohio-6595, ¶ 16.  However, orders requiring the disclosure of privileged information "are final and appealable."   *Id.*   While discovery orders are not ordinarily subject to immediate appeal, this court has recognized an exception "where a discovery order requires the disclosure of communications between a physician and patient, communications that are ordinarily privileged pursuant to R.C. 2317.02(B)."   *Mason v. Booker,* 185 Ohio App.3d 19, 2009-Ohio-6198, ¶ 11 (10th Dist.), citing *Talvan v. Siegel*,

80 Ohio App.3d 781, 784 (10th Dist.1992). Accordingly, "a trial court order compelling disclosure of information concerning physician-patient confidentiality constitutes a final, appealable order under R.C. 2505.02." *Id. See also Pinnix v. Marc Glassman, Inc.,* 8th Dist. No. 97998, 2012-Ohio-3263, ¶ 8 ("An order compelling the production of allegedly privileged documents to an opposing party is a final appealable order").

{¶ 10} A trial court "possesses broad discretion over the discovery process," and therefore appellate courts "generally review a trial court's decision regarding a discovery matter only for an abuse of discretion." *MA Equip. Leasing I, LLC v. Tilton,* 10th Dist. No. 12AP-564, 2012-Ohio-4668, ¶ 13. Nevertheless, an abuse of discretion standard "is inappropriate for reviewing a judgment based upon a question of law, including an erroneous interpretation of the law." *Id.* In general, the issue as to "whether information sought in discovery is confidential and privileged 'is a question of law that is reviewed de novo.' " *Id.*, quoting *Med. Mut. of Ohio v. Schlotterer,* 122 Ohio St.3d 181, 2009-Ohio-2496, ¶ 13. This court has also recognized, however, "with respect to a privilege claim, the appropriate standard of review depends on whether the privilege claim presents a question of law or a question of fact." *Randall v. Cantwell Mach. Co.,* 10th Dist. No. 12AP-786, 2013-Ohio-2744, ¶ 9. Accordingly, "[w]hen it is necessary to interpret and apply statutory language to determine whether certain information is confidential and privileged, a de novo standard applies." *Id.* By contrast, "[w]hen a claim of privilege requires review of factual questions, such as whether an attorney-client relationship existed, an abuse-of-discretion standard applies." *Id.*

{¶ 11} As noted under the facts, appellee filed a motion to compel appellant to execute medical release authorizations and for an in camera review of records; specifically, appellee requested that the court order appellant "to execute the medical releases which are attached as Exhibit 9." In the accompanying memorandum in support, appellee claimed that a magnetic resonance imaging ("MRI") test of appellant from 2010 showed a variety of conditions, some of which were or could be degenerative. Appellee noted that appellant, in response to certain interrogatory requests, had answered that "[n]one of my pre-existing medical conditions were aggravated by the collision," and that "I continue to treat as necessary and needed." Appellee further claimed that appellant had failed to specifically identify what parts of her body were injured in response to

interrogatory No. 5.  Appellee argued that the motion was also supported by averments in an affidavit filed in support of appellant's motion for summary judgment on the issue of proximate cause and damages.  Specifically, appellee cited a response by Dr. McDowell to an inquiry as to whether appellant's injury or condition involved a pre-existing condition, in which the physician responded: "This is unknown."

{¶ 12} The medical authorization forms, attached to appellee's motion to compel, were directed to Integrated Pain Solutions, Mt. Carmel West/Mt. Carmel Health, and Dr. Soldano/American Health Network.  The forms requested those entities/individuals to:

> [R]elease protected health information contained in my patient records, including information about communicable diseases, non-communicable and serious communicable diseases and infections (which include venereal disease "VD", tuberculosis "TB"), alcohol, drug abuse, and/or HIV-AIDS test results or diagnostic records protected under the regulations in 42 CFR, Part 2, and Ohio Revised Code §3701.243, if any; psychological or psychotherapy service records, if any; and social services records, if any, including communications made by me to a social worker or psychologist, to the individuals or organization listed below * * *, only under the conditions listed below.  Further disclosure of any/all of these patient records by the Recipient to persons with need to know for all purposes related to claims processing and/or discovery before and during trial/arbitration is hereby expressly authorized.

{¶ 13} The authorization form addressed to "Dr. Soldano/American Health Network" also requested the following "[s]pecific type of information to be disclosed: Any and all medical records including those from treatment by Dr. James Soldano."  Further, the authorization forms addressed to Integrated Pain Solutions and Mt. Carmel West/Mt. Carmel Health also requested "any and all bills (that show the original amounts, insurance and non-insurance adjustments, credits, payments and write-offs) from treatment at [those entities]."

{¶ 14} On appeal, appellant notes that she was treated by several medical providers for neck and back injuries following the collision involving appellee's vehicle. Specifically, appellant treated with the following individuals: Dr. McDowell, a pain care specialist, Dr. Soldano (her primary care physician), and Ryan Smith, D.C.  According to

appellant, her neck injuries and symptoms resolved but she continued to suffer back injuries which were diagnosed as chronic low back pain, disc herniation, sciatica, and lumbago.

{¶ 15} Appellant contends she provided appellee with all medical records and bills for treatment she received subsequent to the collision, and that she supplemented the discovery responses and provided medical records of her treating physicians that pre-dated the collision as related to neck and back treatment, including medical records of her primary care physician (Dr. Soldano) from 2002 through 2009. Appellant maintains that appellee has offered no reasonable basis why she should provide all of her medical records dating back to birth, especially in light of the fact that seven years of pre-existing records have already been provided to appellee. Appellant asserts that appellee's request for blanket authorization of medical records from birth to present was in contravention of R.C. 2317.02(B)(3)(a).

{¶ 16} Civ.R. 26(B)(1) states in part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." R.C. 2317.02(B) "governs the physician-patient privilege and any waiver of that privilege." *Mason* at ¶ 14. That statute "generally precludes a physician from testifying concerning a communication made by a patient to the physician or the physician's advice to the patient." *Id.* There exist circumstances, however, where the general privilege does not apply and a physician "may be compelled to testify or to submit to discovery in that action as to communications between the patient and physician 'that related causally or historically to physical or mental injuries that are relevant to issues' in the action." *Id.*, citing R.C. 2317.02(B)(3)(a).

{¶ 17} Both appellant and appellee cite to this court's decision in *Mason* in support of their arguments on appeal. Under the facts of *Mason,* appellee asked the injured party, appellant, to sign authorizations during discovery for the release of medical records. The appellant refused to sign the releases, contending that the appellee sought privileged records that were irrelevant to the action. The appellee then filed a motion to compel the appellant to execute the releases, which the trial court granted. The appellant had requested that the trial court conduct an in camera inspection of at least some disputed medical records, but the court refused. On appeal, this court reversed the trial court's

order granting the motion to compel "[b]ecause the trial court did not determine, upon request, whether the records it ordered disclosed are causally or historically related to appellant's claimed injuries." *Id.* at ¶ 23.

{¶ 18} This court's decision in *Mason* relied in part upon our earlier decision in *Ward v. Johnson's Indus. Caterers, Inc.*, 10th Dist. No. 97APE11-1531 (June 25, 1998), in which we held that the trial court abused its discretion in ordering the appellant to execute general medical release authorizations without first conducting an in camera review. Under the facts of *Ward,* the appellant sued for injuries to her neck, shoulders, lower back, and left leg. While appellees "believed they needed all medical records," the appellant argued that "only medical records regarding her neck, shoulders, low back and left leg were discoverable." *Id.* This court held that, "[a]t this point, the trial court should have conducted an *in camera* review of appellant's medical records in order to ascertain what was causally or historically related." (Emphasis sic.) *Id.*

{¶ 19} In the instant case, appellant's complaint alleged in part the following:

> Between October 16, 2009 and December 2, 2009, Ms. Gentile was treated by a chiropractor for back and neck pain. She also received treatment from a licensed massage therapist and acupuncturist.
>
> In July, 2010, Ms. Gentile experienced a significant loss of strength in her right leg. She sought treatment and was diagnosed with herniated L4 and L5 discs. These injuries were directly attributable to the car accident. Treatment for these injuries concluded in January, 2011.

{¶ 20} Accordingly, appellant's pleading placed at issue medical conditions relating to her neck and back as a result of the collision. Appellee disputes whether all of the injuries claimed by appellant were caused by the accident, arguing that appellant's response to interrogatories, as well as the records that have been disclosed to date, raise a legitimate issue whether she has a pre-existing medical condition. Although appellee maintains the trial court did not err in requiring appellant to execute the medical releases at issue, appellee does not dispute the need for an in camera inspection of the medical records. While appellee frames the issue as one that can be resolved via an in camera review by the trial court of challenged materials, appellee acknowledges that the language

of the medical releases he submitted is broad; appellee contends, however, that a defendant in a civil action must have the ability to access prior medical records when there is a legitimate issue as to whether or not a plaintiff has a pre-existing medical condition.

{¶ 21} In challenging the breadth of the authorization request, appellant notes there is no claim in the instant case of an independent emotional or psychological injury, but argues the authorizations at issue are so broadly worded as to provide for disclosure of such records. Appellant also contends that, pursuant to the court's order, not only was appellee entitled to all of her medical records from birth to present, but also any information regarding routine PAP smears, menstrual cycles, birth control, menopause, and other similar privacy issues unrelated to her claimed injuries arising under the complaint.

{¶ 22} Upon review, we find merit with appellant's argument that the authorizations submitted by appellee are essentially unlimited as to scope, as well as the time period for which the medical records are sought. The medical authorizations at issue request the release of "protected health information" contained in appellant's patient records, including "information about communicable diseases, non-communicable and aerloue communicable diseases and infections (which include venereal disease 'VD', tuberculosis 'TB'), alcohol, drug abuse, and/or HIV-AIDS test results or diagnostic records protected under the regulations in 42 CFR, Part 2, and Ohio Revised Code §3701.243," as well as "psychological or psychotherapy service records, if any; and social services records, if any, including communications made by me to a social worker or psychologist."

{¶ 23} While appellee is entitled to discovery of matters causally or historically related to the injuries at issue, a plaintiff filing a personal injury claim does not open "herself up to exposure, without limitation, of *all* her medical records." (Emphasis sic.) *Wooten v. Westfield Ins. Co.,* 181 Ohio App.3d 59, 2009-Ohio-494, ¶ 16 (8th Dist.). *See also McCoy v. Maxwell,* 139 Ohio App.3d 356, 359 (11th Dist.2000) reversing court's order granting motion to compel discovery on basis that "appellant's psychiatric or psychological records remain privileged because they are not communications that relate

causally or historically to physical or mental injuries that are relevant to issues in the defamation suit filed by appellant").

{¶ 24} As noted above, this court has previously found that a trial court errs in ordering a plaintiff to execute "general medical records release authorizations" that are not tailored to physical or mental injuries relevant to the issues in the case. *Ward.* Here, the absence of any such limitations renders the trial court's order for a "blanket release" of appellant's medical records "unreasonable." *Dubson v. The Montefiore Home,* 8th Dist. No. 97104, 2012-Ohio-2384, ¶ 18. Under such circumstances, "the trial court should take measures to ensure that privileged medical records are protected from disclosure." *Randall* at ¶ 15.

{¶ 25} For purposes of the instant case, we believe that appropriate measures include not only limitations in scope as to those medical conditions causally or historically related to the injuries relevant to the issues in the action, but also limitations as to a relevant time period for the medical authorizations. Courts in other jurisdictions have noted the risks posed by discovery requests for medical authorizations not limited in time. *See, e.g., State ex rel. Jones v. Syler,* 936 S.W.2d 805, 808 (Mo.1997), quoting *State ex rel. Stecher v. Dowd,* 912 S.W.2d 462, 465 (Mo.1995) ("because time limits and designations of health care providers 'tie the authorizations to [the] particular case and the injuries pleaded', an authorization lacking them is improper because it 'would entitle [defendants] to any and all of [plaintiff's] medical records, from any provider who has ever treated the plaintiff * * * from his birth to the present day' "). Thus, it has been observed, "although it might be the 'normal practice' for attorneys to draft blanket medical authorizations without time limits * * *, 'it is a practice that creates too great a risk that non-relevant and privileged information may be released to the defendants.' " *Id.,* quoting *Stecher.*

{¶ 26} Appellee's claim that the medical release forms are necessarily broad due to the possibility of a pre-existing injury does not justify a request for blanket authorizations without any limitations in scope and time. *See St. John v. Napolitano,* 274 F.R.D. 12, 17 (D.D.C.2011) (defendant's claim that medical records request involving lengthy time period was necessary because latent medical conditions can manifest themselves in different ways over period of time "is a weak basis for seeking records over such a broad

time period"; request of plaintiff's medical records from many years prior to the events alleged in the complaint are "highly unlikely to contain much relevant evidence," but "are likely to contain sensitive personal information"). Rather, a trial court must balance the privacy right of a plaintiff against a defendant's right to obtain information potentially relating to pre-existing conditions.

{¶ 27} In the instant case, we conclude that the trial court erred in granting such a broad discovery order with respect to appellant's medical records, and in refusing to conduct an in camera review "in order to ascertain what was causally or historically related." *Ward.* Upon remand, we direct the trial court to determine a reasonable time period for the scope of the discovery request, i.e., the court should limit the authorizations to an appropriate number of years prior to the accident. The issue as to potential pre-existing injuries relating to the causes of appellant's neck and back injuries can be adequately explored based upon a reasonable time period relative to the accident at issue. Once the court has established reasonable limitations as to scope and time, it "should implement appropriate measures to determine whether any of the records are covered by the physician-patient privilege and how to protect any records that are subject to that privilege." *Randall* at ¶ 15.

{¶ 28} Appellant further contends the authorizations she was ordered to execute included a blanket request for her medical bills. Appellant maintains she provided all medical bills received from each medical provider for neck and back treatment subsequent to the collision, including bills from both medical providers and her health insuring corporation.

{¶ 29} In response, appellee argues that certain medical billing and payment information submitted by appellant appears to be incorrect. Appellee further argues, however, that this court does not have jurisdiction to review issues arising from the trial court's order with respect to the releases for billing and payment records. Specifically, appellee contends that the only information he seeks with respect to the authorizations directed to Mt. Carmel West and Integrated Pain Solutions are billing and payment information, not medical records. Appellee argues that, in light of appellant's representations throughout the litigation that she has provided all of the medical billing

information from the above providers, there are no existing privilege issues with respect to those materials.

{¶ 30} This court has previously held, "[t]o the extent an order pertains to matters other than those concerning discovery of privileged matters, the order is deemed interlocutory and therefore not final and appealable." *Legg* at ¶ 16. Upon review, we agree with appellee that this court lacks jurisdiction over the discovery issues relating to medical billing, as the dispute over these records appears to be based upon appellant's contention that the request is overbroad and that she has already turned over all relevant materials, not that the billing and payment records implicate privileged materials. *See Hope Academy Broadway Campus v. White Hat Mgmt., LLC,* 10th Dist. No. 12AP-116, 2013-Ohio-911, ¶ 43 (trial court ruling not a final appealable order; appellate courts have declined to consider arguments that materials to be produced under a discovery order are not relevant). Thus, to the extent appellant's assignments of error challenge the trial court's order as it relates to billing and payment records, such ruling is interlocutory and not ripe for this court's review at this time.

{¶ 31} Based upon the foregoing, appellant's first, second, third, and fourth assignments of error are sustained to the extent provided above, the discovery order of the Franklin County Court of Common Pleas granting appellee's motion to compel is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Order reversed and cause remanded.*

SADLER and CONNOR, JJ., concur.

_____