CITY OF AKRON, Appellee,

v.

SPRINGSTON, Appellant.

[Cite as *Akron v. Springston* (1990), 67 Ohio App.3d 645.]

Court of Appeals of Ohio,
Summit County.

No. 14273.

Decided May 16, 1990.

*Patrick M. Summers*, Assistant Prosecuting Attorney, for appellee.
*Carmen N. Roberto*, for appellant.

CACIOPPO, Presiding Judge.

An Akron police officer discovered Mitchell Springston in a pick-up truck which was involved in a single-vehicle accident. Springston was injured and disoriented. The officer detected an odor of alcohol upon opening the vehicle door. Springston exhibited a condition which is consistent with a person under the influence of alcohol and also with a person who received a very recent head injury. The officer summoned emergency medical service personnel.

A second police officer arrived at the accident scene and began to investigate the accident. Springston was transported to the Akron General Medical Center's emergency room. The investigating officer informed Springston that he was under arrest for violating Akron City Code Section 73.01(A)(1), driving under the influence of alcohol. The officer informed Springston of the Ohio implied consent law pursuant to R.C. 4511.191 and asked Springston for consent to draw a "legal blood" sample. Springston refused to consent and therefore, pursuant to R.C. 4511.191(D), no chemical test was performed. The officer served Springston with one traffic citation for failure to control his vehicle in violation of Akron City Code Section 73.13(A) and one traffic citation for violating Akron City Code Section 73.01(A)(1).

Subsequently, the city of Akron appeared in the trial court seeking an order upon oral motion for Akron General Medical Center to provide the city with Springston's medical records. The trial court issued an order directing the Akron General Medical Center to provide the city and Springston's attorney with any and all medical information concerning the drawing of Springston's blood, along with testing and analysis for alcohol and drugs.

In response, Springston filed a motion *in limine* seeking to prohibit the city from introducing the medical records at trial. Springston also filed a motion to suppress the medical records. The trial court conducted an evidentiary hearing on the motions and considered stipulated facts which were submitted. Both motions were denied.

At trial, the city offered portions of Springston's medical record as evidence. Despite Springston's objections, the trial court permitted a physician to testify as an expert witness concerning Springston's blood test result. The jury

found Springston guilty of driving under the influence of alcohol. The trial court found Springston guilty of failure to control. Springston was sentenced.

Springston appeals.

### Assignments of Error

"I. The trial court erred in denying appellant's motion to suppress and motion in limine thereby admitting into evidence testimony of the results of appellant's blood-alcohol test in contravention of the physician-patient privilege contained in Ohio Revised Code Section 2317.02(B).

"II. The trial court erred in admitting testimony regarding the results of appellant's blood-alcohol test which was taken in violation of Ohio Revised Code Section 4511.191 and the Ohio Department of Health regulations and which test was both inherently unreliable and admitted without proper foundation."

Springston raises two assignments of error which assert that the trial court erred in admitting as evidence the result of Springston's blood test which was drawn for medical purposes. In the motion to suppress, Springston contended that the police officer had no probable cause for the warrantless arrest and no probable cause to seek an alcohol test. Springston also contended that the blood-alcohol test procedure was not in substantial compliance with the administrative regulations required pursuant to R.C. 4511.19. In the motion *in limine,* Springston contended that the medical records were not admissible pursuant to the Evidence Rules in that the physician-patient privilege applied to the communication and that the evidence lacked a sufficient foundation. Springston objected to the admission of this evidence during the course of trial and therefore preserved the alleged errors for review.

This court has reviewed the record, which includes the transcript of the motion hearing, and finds that the trial court had before it sufficient facts from which to determine that the police officer had probable cause to arrest Springston and to seek a blood-alcohol test pursuant to R.C. 4511.191. Also, the record discloses sufficient facts introduced at trial from which the trial court could find that Springston's blood test, despite being drawn for medical purposes, substantially complied with the administrative regulations as R.C. 4511.19 requires.

However, the trial court erred in denying Springston's motion *in limine,* and ultimately erred in admitting Springston's medical record into evidence at trial. The trial court considered but rejected this court's determination of the physician-patient privilege issue as it relates to blood samples drawn for

medical purposes. This court's determination was very recently affirmed in *State v. Smorgala* (1990), 50 Ohio St.3d 222, 553 N.E.2d 672.

A suspected drunk driver has a right to refuse a chemical test for purposes of prosecution, pursuant to R.C. 4511.191(D). The driver who withdraws consent is subject to suspension of driving privileges. See *id.* at 225, 553 N.E.2d at 675. The driver holds the privilege provided in R.C. 2317.02(B) and only the driver, not the state, may waive that privilege as to the communication contained in the laboratory test and results. R.C. 2317.02(B)(3).

The first assignment of error is sustained.

The judgment is reversed and this cause remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

CIRIGLIANO and HAYES, JJ., concur.

JERRY L. HAYES, J., of the Domestic Relations Court of Portage County, sitting by assignment.