The STATE of Ohio, Appellee,

v.

LAMPMAN, Appellant.

[Cite as *State v. Lampman* (1992), 82 Ohio App.3d 515.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–105.

Decided Sept. 21, 1992.

*Steven C. LaTourette*, Prosecuting Attorney, and *Geoffrey W. Weaver*, Assistant Prosecuting Attorney, for appellee.

*John W. Bosco*, for appellant.

JOSEPH E. MAHONEY, Presiding Judge.

Defendant-appellant, Stephen R. Lampman, was involved in a one-vehicle accident with his pickup truck in which his passenger was killed. Appellant was transported to the hospital for emergency treatment. At the hospital, appellant was questioned by Patrolman Kerro regarding the accident and was asked to submit to a blood-alcohol test. Patrolman Kerro advised appellant of his rights and read him the Ohio informed consent form. Appellant indicated that he would submit to a blood test. However, when the nurse arrived to take the blood sample, appellant refused to submit to a blood test. Patrolman Kerro ordered the nurse to take the blood sample, but the nurse refused, stating that she could not do so as long as appellant did not agree. However, at some point appellant did have his blood drawn.

At trial, a medical technologist, Nancy Bredon, testified, over appellant's objection, that the result of appellant's blood-alcohol test was .25 and that Dr. Cunningham was the physician assigned to appellant and would have been the person who had the authority to order the blood test. Bredon indicated that the blood was drawn upon Cunningham's request and not the police officer's request.

Subsequently, appellant was charged with one count of aggravated vehicular homicide with a specification that appellant was under the influence of alcohol during the commission of the offense, in violation of R.C. 2903.06, and one count of driving while under the influence of alcohol, in violation of R.C. 4511.19. Appellant was tried before a jury and found guilty of vehicular homicide, a lesser included offense of count one, with a specification that appellant was under the influence of alcohol during the commission of the offense, and found guilty of driving under the influence of alcohol. The trial court sentenced appellant to six months' incarceration on each count to run consecutively, fined appellant $2,000, and revoked appellant's driver's license for life.

Appellant has filed a timely appeal and now raises the following assignment of error:

"The trial court erred as a matter of law in allowing a medical technician's testimony as to the results contained in a blood-alcohol test done by defendant-appellant's physician to be admitted into evidence, over the objection of the defendant-appellant on the grounds of privilege."

In his sole assignment of error, appellant argues that the trial court erroneously admitted privileged testimony regarding the result of a blood-alcohol test performed at the direction of appellant's physician. We agree.

In *State v. Smorgala* (1990), 50 Ohio St.3d 222, 553 N.E.2d 672, the court held at paragraph one of the syllabus that:

"Courts may not create a public policy limitation upon the physician-patient privilege in order to allow otherwise clearly inadmissible evidence to be received in drunk driving cases."

The physician/patient privilege which is set forth in R.C. 2317.02 applies to both the records of the test result as well as the medical technologist's testimony regarding such result. Admission of such privileged testimony is erroneous. *State v. Gabriel* (1991), 72 Ohio App.3d 825, 596 N.E.2d 538; *Akron v. Springston* (1991), 67 Ohio App.3d 645, 588 N.E.2d 160. See, also, *State v. Abbott* (Feb. 7, 1992), Lake App. No. 90–L–15–085, unreported, 1992 WL 40206.

■ Appellee argues that *Smorgala* and the physician/patient privilege do not apply because the police officer requested the test and the technologist's testimony that the test would only have been taken at the request of the doctor does not negate the fact that the police officer requested the test. Appellee relies upon *State v. Kabeller* (Dec. 20, 1990), Franklin App. No. 90AP–53, unreported, 1990 WL 210736, arguing that under *Kabeller,* the result of a blood test requested by a police officer is admissible.

Appellee's contentions are not well taken.

Although under R.C. 4511.191(A) a person who drives on Ohio highways is deemed to consent to a blood-alcohol test, that consent may be withdrawn under R.C. 4511.191(D). The driver who withdraws his consent under R.C. 4511.191(D) is subject to suspension of driving privileges. In the instant case, appellant initially agreed to the blood-alcohol test after he was informed of his rights under R.C. 4511.191(C), but subsequently withdrew his consent prior to the test being taken. Appellant was never unconscious or otherwise incapacitated so that he was incapable of refusal and so that the presumption of R.C. 4511.191(B) in favor of consent would apply. Clearly, appellant could not be compelled to submit to the blood-alcohol test at the police officer's request and had a right to refuse, subject to the suspension of his driving privileges. *Springston, supra.*

In *Kabeller,* the policeman complied with R.C. 4511.191(C) and informed the defendant of his right to refuse. Although not expressly stated in the opinion, it appears that after the informed consent form was read to Kabeller, he submitted to the test. Thus, it may be inferred that Kabeller consented. In the instant case, appellant initially consented to the test but then subsequently changed his mind and effectively withdrew his consent. Thus, the facts in *Kabeller* are distinguishable from those in the case *sub judice.*

■ Based on *Smorgala,* the admission of the medical technologist's testimony regarding the result of the blood-alcohol test was erroneous. Next, we need to determine whether such error was prejudicial, *i.e.,* whether there was substantial other evidence from which the jury could have concluded that appellant was under the influence of alcohol. See *Gabriel, supra.* If there was substantial other evidence from which the jury could conclude beyond a reasonable doubt that appellant was under the influence of alcohol, then any error in the admission of the testimony regarding appellant's blood alcohol constitutes harmless error. *Id.*

"Error in the admission of evidence in criminal proceedings is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction. In order to hold the error harmless, the court must be able to declare a belief that the error was harmless beyond a reasonable

doubt. (Crim.R. 33[E][4]; Crim.R. 52[A]; *Chapman v. California*, 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705 (1967)].)" *State v. Bayless* (1976), 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035, paragraph seven of the syllabus.

The record indicates that appellant lost control of his vehicle and crossed four lanes of traffic, from the far right lane to the far left lane, and then crashed into the guardrail. Numerous witnesses testified that appellant had a strong odor of alcohol. Two witnesses observed appellant throwing something out of the vehicle after the crash. Later, three bottles of "MD 20/20" were discovered in the vicinity of the vehicle. One of the paramedics who attended to appellant on the scene testified that appellant admitted drinking one bottle of wine.

Although the foregoing constitutes other evidence going to the issue of whether appellant was under the influence of alcohol, the record demonstrates that the blood-alcohol test was the focus. The prosecutor stressed the blood-alcohol test result in his argument, stating:

"The fact that they did in fact—indeed found empty bottles in the vicinity of the truck, which he had thrown out as he forced his way out of the driver's door and *the biggest thing* and the thing that [appellant's attorney] did not talk about is right here. The blood alcohol test. .25 percent by the serum, .20 by the conversion to whole blood. Twice the limit that Dr. Fortner testified to. Twice the legal limit."

"These five factors tell you, common sense tells you he is under the influence of alcohol. · * * *" (Emphasis added.)

More important, the record demonstrates that the jury struggled over the blood-alcohol test result in its deliberations. While deliberating, the jury twice submitted questions to the court:

"Does a blood alcohol level of .25, (.20) constitute recklessness if the person is operating a motor vehicle? Can we get guidance on this issue?

"Can we get a copy/explanation of the law dealing with blood-alcohol levels?"

Under these facts and circumstances, we cannot conclude that the admission of the blood-alcohol test result was harmless beyond a reasonable doubt since there is a reasonable possibility that the evidence may have contributed to the accused's conviction. *Bayless, supra.*

Accordingly, appellant's sole assignment of error is sustained, and the judgment of the trial court is reversed and the matter is remanded for further proceedings.

Costs of this appeal are to be taxed against appellee.

*Judgment reversed*
*and cause remanded.*

EDWARD J. MAHONEY and HENDRICKSON, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, and WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, sitting by assignment.