CLINE, Appellee,

v.

FINNEY et al., Appellants.

[Cite as *Cline v. Finney* (1991), 71 Ohio App.3d 571.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–947.

Decided March 28, 1991.

*Francisco A. Garabis,* for appellee.

*Matan & Smith, Christopher J. Geer* and *Jeffery M. Holtschulte,* for appellants.

WHITESIDE, Judge.

Defendants, Robert C. Finney, executor of the estate of Viola Robinson, et al., appeal from a judgment of the Franklin County Court of Common Pleas, Division of Probate, and raise a single assignment of error, as follows:

"The trial court erred in ordering defendant executor to respond to discovery requests for medical records notwithstanding the privilege set forth in O.R.C. § 2317.02 on the basis of public policy and the pursuit of justice."

Plaintiff, Mary Edna Cline, commenced this action as a will contest of the purported last will and testament of the decedent, Viola Robinson, which has been admitted to probate by the trial court, and defendant Robert C. Finney ("defendant") has been appointed the executor of the estate. Plaintiff sought to utilize discovery means to obtain information concerning the medical history of the decedent through interrogatories, to some of which defendant objected. Plaintiff filed a motion seeking an order of the trial court to compel defendant to answer some fourteen interrogatories, to which objections have been interposed upon the ground of privilege. After hearings, the trial court entered what is labeled, "Judgment Entry," which also constitutes the decision of the court, which concludes with the statement that:

" * * * [T]he Court grants Plaintiff's Motion and requires that all the medical and hospital records of the decedent be released to plaintiff and this order shall be a final appealable order within the dictates of *Humphry v. Riverside.*"

Although the trial court has no jurisdiction to determine the finality or the appealability of an order, the parties do not contest the issue. Although the case is distinguishable, the reasons for immediate appealability is as cogent in this case as in the case cited by the trial court, *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877. Cf. *State ex rel. Lambdin v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681.

The issue before us involves application of a statute which creates a substantive right of privilege against revealing communication to and between doctor and patient. R.C. 2317.02 provides in pertinent part:

"The following persons shall not testify in certain respects:

" * * *

"(B)(1) A physician * * * concerning a communication made to him by his patient in that relation or his advice to his patient, except as otherwise provided in this division and division (B)(2) of this section * * *.

"The testimonial privilege under this division is waived, and a physician or dentist may testify or may be compelled to testify in a civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action * * * under the following circumstances:

" * * *

"(b) If the patient is deceased, the spouse of the patient or his executor or administrator of his estate gives express consent;

"(c) If a medical claim, * * * an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by

\* \* \* the personal representative of the estate of the patient if deceased \* \* \*."

R.C. 2317.02(B)(2) pertains only to claims brought by or on behalf of the deceased for which waiver is applicable pursuant to R.C. 2317.02(B)(1)(c). Relying in part upon the decision of this court in *Storey v. Russolillo* (Feb. 7, 1989), Franklin App. No. 88AP–789, unreported, 1989 WL 10351, the trial court applied what is in effect a public policy exception to the statutory privilege, stating at page 3 of the decision:

"The Court must balance the well established policy of encouraging honest communications between doctors and patients with the ability to have accurate information regarding the decedent's medical history and cause of death before the Court. \* \* \*"

Whatever may have been the merits of such a public policy exception to privilege at the time this court rendered the decision in *Storey*, the Ohio Supreme Court subsequently has unequivocally held that there can be no public policy exception to the statutory privilege conferred by R.C. 2317.02(B) with respect to communications between doctors and patients. In *State v. Smorgala* (1990), 50 Ohio St.3d 222, 553 N.E.2d 672, the Supreme Court held in the second paragraph of the syllabus:

"Because the law of privilege is substantive in nature, the Supreme Court is not free to promulgate an amendment to the Rules of Evidence which would deny a statutory privilege in drunk driving cases. Evid.R. 501."

Plaintiff attempts to distinguish *Smorgala* upon the basis that a will contest action, rather than a drunk driving case, is involved herein. The underlying constitutional principle, however, is identical. In the opinion of *Smorgala*, it is stated at 50 Ohio St.3d at 223, 553 N.E.2d at 674:

"Where the words of a statute are free of ambiguity and express plainly and distinctly the sense of the lawmaking body, the courts should look no further in their efforts to interpret the intent of the General Assembly. Here it is clear that the legislature has stated that the privilege is to be given effect absent specific statutory exceptions, none of which applies to this case."

The court further found that, since the right involved is substantive in nature, it is beyond the power of the Supreme Court to modify the privilege by procedural rule adopted pursuant to Section 5(B), Article IV of the Ohio Constitution. Furthermore, Civ.R. 26(B)(1) provides in pertinent part as follows:

"Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows:

"(1) In general. Parties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.)

Thus, by the express provision of Civ.R. 26, discovery is limited to matters which are not privileged.

For three reasons, we decline to follow *Storey.* First, it is inconsistent with the more recent decision of the Supreme Court in *Smorgala, supra.* Second, this court in *Storey* relied upon *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O.2d 366, 197 N.E.2d 548, which the Supreme Court in *Smorgala* specifically discussed, finding that *Antill* does not apply to the specific circumstance before us, stating at 50 Ohio St.3d at 224, 553 N.E.2d at 674:

" * * * In *Antill,* the court was faced with two conflicting *legislatively* created policies in the context of domestic violence. * * * At issue was the conflict between the physician-patient privilege set forth in R.C. 2317.02 and the statutory duty, then found in R.C. 2317.44 (see present R.C. 2921.22), of physicians to report to the police the treatment of victims suffering from wounds inflicted by a deadly weapon. * * * "

The Supreme Court expressly held that *Antill* is not applicable where the conflict is between a statute establishing a public policy and creating substantive rights and a procedural rule promulgated by the Supreme Court. Third, our decision in *Storey* is also in conflict with the decision of the Supreme Court in *Lambdin, supra,* in which the Supreme Court granted a writ of prohibition against an order similar to that of the trial court herein requiring a party to turn over to the adverse party hospital records and medical reports made in connection with an injury for which he was seeking damages. The Supreme Court stated at 21 Ohio St.2d at 24, 50 O.O.2d at 46, 254 N.E.2d at 683:

"It must be emphasized at this point that the extraordinary remedy of prohibition sought to be invoked in this proceeding is a high prerogative writ and may not be used as a substitute for appeal. However, because of the extreme and legally questionable nature of the order of the court below—that any failure to comply with that court's order would constitute 'an unlawful interference' with the judicial process, and that anything relator failed to disclose will be excluded from evidence at the trial—damage to plaintiff's rights by such forced disclosure could not be avoided by an appeal. Under

such circumstances, the court's order amounts to usurpation of judicial power, and appeal, under these circumstances, is not an adequate remedy at law."

In short, the Supreme Court found to the effect that a common pleas court lacks jurisdiction to order disclosure during discovery of medical records which are protected by the substantive privilege created by R.C. 2317.02(B). For these reasons, we decline to follow *Storey* in this case. See, also, Rule 2(G)(1) and (2) of the Supreme Court Rules for the Reporting of Opinions.

Plaintiff points out that answers to some of the interrogatories may not fall within the statutory privilege. However, the trial court did not reach that issue but, instead, issued a blanket order finding to the effect that the statutory privilege is superseded by public policy considerations lying within the discretion of the court, which, as indicated above, is expressly in conflict with the rationale of the Supreme Court in *Smorgala, supra.* Since the probate court did not reach the issue now urged by plaintiff herein as to the scope of the privilege with respect to the information actually sought, we do not determine that issue for the first time upon appeal. It may well be that some of the information sought by plaintiff is discoverable, but the medical and hospital records of the decedent are not discoverable to the extent of the applicability of the privilege created by R.C. 2317.02(B)(1) and further defined by R.C. 2317.02(B)(3). The assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas, Division of Probate, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and GRIGSBY, JJ., concur.

JOSEPH B. GRIGSBY, J., of the Union County Court of Common Pleas, sitting by assignment.