CALIHAN, Appellee,

v.

FULLEN, Appellant, et al.

[Cite as *Calihan v. Fullen* (1992), 78 Ohio App.3d 266.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900513.

Decided Jan. 15, 1992.

*Lawrence & McGrath* and *Richard D. Lawrence,* for appellee.

*Jacobson, Maynard, Tuschman & Kalur* and *Deborah I. Schroeder,* for appellant.

---

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the arguments of counsel. We have *sua sponte* removed this cause from the accelerated calendar.

Defendant-appellant, William Fullen, M.D., has taken the instant appeal from the trial court's entry granting the motion of plaintiff-appellee, Katherine Calihan, to compel the production of Fullen's personal medical records. Fullen presents on appeal a single assignment of error in which he contends that the trial court erred in granting Calihan's motion to compel because the matters sought to be discovered were protected by the physician-patient privilege. We agree.

In September 1988, Calihan brought an action against Fullen, William Fullen, M.D., Inc., John J. McDonough, M.D., and Bethesda Oak Hospital, seeking damages for injuries allegedly sustained in the course of a surgical procedure performed on Calihan by Fullen in November 1987 at Bethesda Oak Hospital. In July 1989, Calihan's counsel deposed Fullen. In the course of

his deposition, Fullen admitted that, in November 1988, he was diagnosed as suffering from multiple sclerosis. Subject to his counsel's objection on the basis of the physician-patient privilege, Fullen testified that he had experienced sensory problems in his lower extremities since 1979. A medical evaluation of his condition at the time resulted in a diagnosis of polymyalgia rheumatica, which affects the central nervous system. Fullen stated that from 1979 to March 1989, when he last performed surgery, the numbness in his lower extremities required treatment with the drug Prednisone and required him to remain seated while performing, among other surgical procedures, a microcholecystectomy, the procedure performed on Calihan.

Calihan subsequently submitted to Fullen a request for the production of documents, in which she sought the records of medical care rendered to Fullen prior to November 1987. Invoking the physician-patient privilege, Fullen declined the request. Calihan countered with a motion to compel production of the requested documents. By entry dated June 12, 1990, the trial court granted Calihan's motion to compel, and Fullen appealed.

I

We reject at the outset Calihan's assertion that the order from which Fullen has appealed is not a final appealable order. Pursuant to R.C. 2505.03, an appeal may be taken only from a final order, judgment or decree. R.C. 2505.02 defines a final order, in relevant part, as "an order that affects a substantial right made in a special proceeding."

The order from which Fullen has appealed, compelling the production of his medical records, implicates the legislatively protected confidential relationship between a patient and his physician and, therefore, affects a substantial right. See *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877; *Wozniak v. Kombrink* (Feb. 13, 1991), Hamilton App. No. C–890531, unreported, 1991 WL 17213. Balancing the interests of judicial economy against the need for immediate review, we find that the harm caused by compelled production of this privileged information cannot be remedied by appellate review of the order after the entry of final judgment. Therefore, the order from which Fullen has appealed resulted from a "special proceeding." See *Humphry, supra; Wozniak, supra.* Finally, the absence of Civ.R. 54(B) certification does not defeat the order's appealability because the order disposed of all claims asserted by the parties to the special proceeding. See *Wozniak, supra.* Having thus determined that the order compelling Fullen to produce his medical records "affects a substantial right" and was "made in a special proceeding," we hold that the order from which Fullen has appealed constitutes a final appealable order. See *Humphry, supra; Wozniak, supra.*

See, also, *In re Estate of Wallace v. Finger* (Sept. 5, 1990), Scioto App. No. 1846, unreported; *Cyrus v. Wassmuth* (Dec. 5, 1989), Franklin App. No. 89AP–500, unreported, 1989 WL 146620; *Storey v. Russolillo* (Feb. 7, 1989), Franklin App. No. 88AP–789, unreported, 1989 WL 10351; *Brown v. Yothers* (1988), 56 Ohio App.3d 29, 564 N.E.2d 714; *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 538 N.E.2d 419. Contra *Medley v. Taylor* (Apr. 19, 1991), Wood App. No. WD–90–16, unreported, 1991 WL 59883.

## II

Turning to the merits of Fullen's challenge to the trial court's order compelling the production of his medical records, we note that Civ.R. 37(A)(2) authorizes a party seeking the production of documents under Civ.R. 34 to obtain an order compelling the production of documents if the party from whom discovery is sought refuses or fails to respond to a proper request for the production of documents. Pursuant to Civ.R. 34, a request for the production of documents is subject to the provisions governing the scope of discovery set forth in Civ.R. 26, which provides in relevant part:

"(B) Scope of discovery. Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows:

"(1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *."

■ We are unpersuaded by Fullen's contention that the documents sought to be discovered were not relevant to the pending action. To sustain a claim for medical malpractice, the plaintiff must establish, *inter alia*, the standard of care of a physician in the community and his physician's failure to provide care in conformity with that standard. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673; *Morris v. Children's Hosp. Medical Ctr.* (1991), 73 Ohio App.3d 437, 444, 597 N.E.2d 1110, 1114. In light of the November 1988 diagnosis of multiple sclerosis, evidence pertaining to Fullen's medical condition from 1979, when he began to experience numbness in his lower extremities, until November 1987, when he performed the microcholecystectomy on Calihan, is relevant to the issue of Fullen's ability to provide care to Calihan in November 1987 in conformity with the requisite standard of care.

■ We hold, however, that the matters sought to be discovered are not discoverable under Civ.R. 26(B) because they are protected under the R.C. 2317.02(B) physician-patient privilege. R.C. 2317.02 provides in relevant part:

"The following persons shall not testify in certain respects:

"* * * *

"(B)(1) A physician * * * concerning a communication made to him by his patient in that relation or his advice to his patient, except as otherwise provided in this division * * *.

"The testimonial privilege under this division is waived, and a physician * * * may testify or may be compelled to testify in a civil action [or] in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action * * * under the following circumstances:

"(a) If the patient * * * gives express consent;

"* * * *

"(c) If a medical claim * * * [or] any other type of civil action * * * is filed by the patient * * *.

"* * * *

"(3) As used in division[ ] (B)(1) * * * of this section, 'communication' means acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician * * * to diagnose, treat, prescribe, or act for a patient. A 'communication' may include, but is not limited to, any medical * * *, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis.

"(4) Divisions (B)(1) * * * and (3) of this section apply to doctors of medicine, doctors of osteopathic medicine, doctors of podiatric medicine, and dentists."

 Physician-patient communications enjoyed no privilege at common law. The physician-patient privilege, being in derogation of the common law, must, therefore, be strictly construed against the party asserting it. *Weis v. Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E.2d 245; *Kromenacker v. Blystone* (1987), 43 Ohio App.3d 126, 539 N.E.2d 675.

 The patient is the holder of the physician-patient privilege and may invoke the privilege to preclude access under the Rules of Civil Procedure governing discovery or to bar testimony at trial to information acquired by virtue of the physician-patient relationship upon satisfaction of the following criteria:

(1) The matter sought to be disclosed constituted a "communication" as defined under R.C. 2317.02(B)(3);

(2) The communication took place between the patient and a doctor of medicine, doctor of osteopathic medicine, doctor of podiatric medicine or dentist; see R.C. 2317.02(B)(4); and

(3) The patient has not waived the privilege by express consent or by filing a civil claim. See R.C. 2317.02(B)(1).

The matters sought to be discovered here were conveyed between Fullen and a doctor of medicine and fall within the R.C. 2317.02(B)(3) definition of "communication[s]." Fullen has not waived the physician-patient privilege either by express consent or by filing a civil action, nor will a waiver be implied from Fullen's testimony as if on cross-examination and over his counsel's objection in his deposition. See *Kromenacker, supra.* See, also, *State ex rel. Lambdin v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681; *In re Estate of Wallace, supra* (the physician-patient privilege can only be waived by the methods provided in R.C. 2317.02[B]). We, therefore, hold that the R.C. 2317.02(B) physician-patient privilege protected Fullen's medical records from compelled disclosure under the Rules of Civil Procedure governing discovery. Accord *Wozniak, supra.*

■ The decision of the Ohio Supreme Court in *State ex rel. Floyd v. Montgomery Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 27, 9 O.O.3d 16, 377 N.E.2d 794, does not mandate a contrary result. In *Floyd, supra,* the Supreme Court denied an application for a writ of prohibition to prevent the enforcement of an order, issued by a judge of the Montgomery County Common Pleas Court in a personal injury action, requiring the plaintiffs in the underlying action to furnish the defense with plaintiff's hospital records. R.C. 2317.02(B) did not then provide for a waiver of the physician-patient privilege upon the patient's filing of a civil action. The court in *Floyd* denied the writ, however, upon its determination that a common pleas court may require disclosure of privileged information without a waiver of the privilege if the court, like the Montgomery County Common Pleas Court, has adopted a local rule pursuant to Civ.R. 16(6), permitting the court to order the pretrial exchange of medical reports and hospital records.[1]

The Hamilton County Common Pleas Court has not exercised the authority conferred by Civ.R. 16(6) to adopt a local rule comparable to that adopted in Montgomery County, permitting a court to order the pretrial exchange of

---

1. Civ.R. 16 provides in relevant portion:
"A court may adopt rules concerning pretrial procedure to accomplish the following objectives:
" * * *
"(6) The exchange of medical reports and hospital records;
" * * *
"The producing by any party of medical reports or hospital records does not constitute a waiver of the privilege granted under Section 2317.02, Revised Code."
Local Rule 2.21(C) of the Court of Common Pleas of Montgomery County provided that a court may order the pretrial " 'exchange [of] medical reports and hospital records.' " See *Floyd, supra,* 55 Ohio St.2d at 29, 9 O.O.3d at 17, 377 N.E.2d at 795.

medical reports and hospital records. The order of the court below, compelling the production of Fullen's medical records, was issued, not under the Civil Rules pertaining to pretrial procedure, but under the Rules of Civil Procedure governing discovery. Unlike Civ.R. 16(6), Civ.R. 26(B), which governs the scope of discovery, expressly exempts from discovery those matters that are "privileged" and does not by its terms permit discovery of matters protected by the R.C. 2317.02(B) privilege in the absence of an effective waiver. The significance of the differences between Civ.R. 16 and Civ.R. 26 is acknowledged in the Staff Note to Civ.R. 16, which states that "a pretrial rule [adopted under Civ.R. 16] may require the production or exchange of materials which would be strictly privileged during discovery or at trial," and was recognized in *Floyd,* in which the court noted that Civ.R. 16, by permitting compelled disclosure of privileged material without a waiver of the privilege, "creates a distinction between a court-ordered disclosure and the use at trial or discovery of that information." (Footnote omitted.) *Id.,* 55 Ohio St.2d at 29, 9 O.O.3d at 17, 377 N.E.2d at 795. We, therefore, conclude that the holding in *Floyd* is inapplicable to the issue of the physician-patient privilege in discovery matters. Accord *In re Estate of Wallace, supra;* see, also, *State v. Smorgala* (1990), 50 Ohio St.3d 222, 553 N.E.2d 672 (courts may not create a public policy exception to the physician-patient privilege); *Storey, supra* (Peggy Bryant, J., dissenting) (*Floyd* does not apply to a question of privilege under Civ.R. 26 because Civ.R. 26 lacks a provision comparable to Civ.R. 16 on waiver). Contra *Storey, supra; Brown, supra.*

Upon our determination that the R.C. 2317.02(B) physician-patient privilege shielded Fullen's medical records from compelled disclosure pursuant to the Civil Rules of procedure governing discovery, we hold that the trial court erred in granting Calihan's Civ.R. 37 motion to compel their production. We, therefore, sustain Fullen's sole assignment of error, reverse the judgment entered below, and remand this cause for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.