OPINION
Appellant Patricia Daywalt appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, terminating her parental rights granting the Stark County Department of Job and Family Services (SCDJFS) permanent custody of her minor son, Patrick:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADMITTED THE TESTIMONY OF PSYCHOLOGIST DR. GERALD BELLO IN ABSENCE OF A SPECIFIC STATUTORY WAIVER OR EXCEPTION IN VIOLATION OF THE PSYCHOLOGIST-PATIENT PRIVILEGE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW WHEN IT FAILED TO GRANT CUSTODY OF THE MINOR CHILD PATERNAL GREAT UNCLE LEE DITCH.
 III. THE TRIAL COURT ERRED AR [SIC] A MATTER OF LAW WHEN IT ADMITTED THE GUARDIAN AD LITEM REPORT CONTAINING PRIVILEGED INFORMATION IN THE ABSENCE OF A SPECIFIC STATUTORY WAIVER OR EXCEPTION.
 IV. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 V. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTEREST OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Luther Daywalt, the father of Patrick, also appeals the judgment awarding SCDJFS permanent custody of Patrick:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF HUMAN SERVICES MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF THE APPELLANT BECAUSE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF HUMAN SERVICES (DHS) MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF APPELLANT BECAUSE DHS DID NOT MAKE REASONABLE EFFORTS TO REUNIFY THE CHILD WITH THE APPELLANT.
 III. THE TRIAL COURT COMMITTED ERROR WHEN IT ORDER THE RECORDS AND TESTIMONY OF, DOCTOR GERALD BELLO, ADMITTED AS EVIDENCE, DESPITE APPELLANT'S OBJECTION THAT HE DID NOT WAIVE THE PSYCHOLOGIST-CLIENT PRIVILEGE, IN ACCORDANCE WITH, O.R.C. 4732.19.
 IV. THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THE PATERNAL UNCLES, JOE DAYWALT AND LEE DITCH, MOTION FOR LEGAL CUSTODY AND GRANTED THE STARK COUNTY DEPARTMENT HUMAN SERVICES MOTION FOR PERMANENT CUSTODY, BECAUSE THE GRANTING OF PERMANENT CUSTODY WAS NOT IN THE CHILD'S BEST INTEREST AS THERE WERE SUITABLE RELATIVES AVAILABLE TO CARE FOR THE CHILD.
On January 19, 1999, appellee filed a complaint alleging that Patrick Daywalt and his sister Paula were neglected and/or abused, based upon concerns of domestic violence in the home, lack of adequate hygiene, the failure of the parents to follow through with necessary medical appointments for the children, and the fact that parents had lost custody of other children in the past. The complaint further alleged that appellee suspected that Patrick suffered from a non-organic failure to thrive condition. Following an emergency shelter care hearing, both children were placed into the custody of appellee. The case proceeded to an adjudicatory hearing. The court found that Patrick was neglected, but that Paula was not neglected or abused. Paula was accordingly dismissed from the case. After a dispositional hearing, Patrick was placed into the temporary custody of appellee. Appellee filed a motion for permanent custody of Patrick on November 9, 1999. On October 23, 2000, the court terminated the parental rights of both parents, and granted permanent custody to appellee.
 I (Patricia Daywalt), III (Luther Daywalt)
We address appellant Patricia Daywalt's first assignment of error and appellant Luther Daywalt's third assignment of error together, as both raise the issue of admission of the testimony of Dr. Gerald Bello, in violation of the psychologist/client privilege. Prior to the initiation of Dr. Bello's testimony, counsel for appellants objected on the basis that pursuant to the recent Ohio Supreme Court case of In Re: Wieland (2000), 89 Ohio St.3d 535, in the absence of a specific statutory waiver or exception, the testimonial privileges established by R.C.4732.19 apply to communications made by a parent to a psychologist in the course of treatment ordered as part of reunification plan. Both parents, prior to the beginning of trial, filed a notice revoking any releases of the privilege, and stating their intention to assert the privilege at trial. Appellee agreed that pursuant to Wieland, treatment services and records would be confidential in nature. However, appellee argued that the type of evaluation performed by Dr. Bello was forensic in nature, as his role was to render an opinion in preparation for litigation. The court accepted appellee's argument that because the testimony sought to be elicited by Dr. Bello was forensic in nature, no privilege applied, and he could testify as to evaluations of the parents. In Weiland, the Supreme Court held that in the absence of a specific statutory waiver or exception, the testimonial privileges established pursuant to R.C. 4732.19 (concerning communications between a licensed physiologist and client) apply to communications made by a parent in the course of treatment ordered as part of a reunification plan in an action for dependency and neglect. Id. at syllabus. The court emphasized that it has consistently refused to engraft judicial waivers, exceptions, or limitations into the testimonial privilege statutes where the circumstances of communication fall squarely within the reach of the statute. Id. at 538. Judicial policy preferences may not be used to override valid legislative enactments, as the General Assembly is the final arbiter of public policy. Id., citing State v. Smorgala (1990), 50 Ohio St.3d 222, 223. The Eleventh District has considered whether the privilege applies when the evaluation was for forensic purposes rather than treatment purposes. In Re: Kyle (December 1, 2000), Portage App. No. 2000-P-0014, unreported. The court concluded that in light of the specific wording of Weiland, the results of court-ordered psychological evaluations for forensic purposes are privileged unless a parent first consents to the disclosure of the psychological report. While the court recognized that its holding deprived a trial court of a potentially valuable source of relevant information, and changed the nature of the evidence a children's services board can rely on in seeking to obtain permanent custody, no new exception to the privilege may be invoked until it is recognized by the State Legislature. Id. We agree with the reasoning of Kyle. The Weiland decision specifically focuses on the lack of a statutory exception to the privilege. While in the instant case the evaluation was forensic in nature rather than for purposes of treatment, the evaluations were part of a reunification plan. In the absence of a specific statutory exception or a waiver by the parents, neither of which exists in the instant case, any information conveyed to Dr. Bello was privileged. Appellant Patricia Daywalt's first assignment of error is sustained. Appellant Luther Daywalt's third assignment of error is sustained.
 III (Patricia Daywalt)
Appellant Patricia Daywalt argues that the guardian ad litem's report was inadmissible in part, as it refers to her psychological evaluation by Dr. Bello. To the extent the guardian's report refers to privileged material from the psychological evaluation, it was inadmissible, for the reasons stated in I above. The third assignment of error is sustained.
All other assignments of error are rendered moot by our disposition of assignments of error I and III of Patricia Daywalt, and assignment of error III of Luther Daywalt.
This case is remanded to the Stark County Common Pleas Court, Juvenile Division, for a new trial in accordance with law and consistent with this opinion.
 _______________ Gwin, J.
Wise, J., concur Edwards, P.J., dissents.