*303 O’Connor, C.J.,
concurring.
{¶ 28} I concur fully in the majority’s reasoning and holding. I write separately solely for the purpose of emphasizing that our role, as members of the judiciary, requires fidelity to the separation-of-powers doctrine. Accordingly, we must respect that the people of Ohio conferred the authority to legislate solely on the General Assembly. Sandusky City Bank v. Wilbor, 7 Ohio St. 481, 487-488 (1857); Article II, Section 1, Ohio Constitution. That authority includes the important and meaningful role of defining criminal offenses and assigning punishment for those offenses.
{¶ 29} As the majority opinion recognizes, the provisions at issue in this appeal span four separate statutes and “are repetitive and confusing, to say the least.” Majority opinion at ¶ 9. But rather than treating the complicated scheme here as an invitation to interpret the statutes as we wish they were written, the majority adeptly fulfills its duties to construe the statutes according to legislative intent, harmonizing them in a proper and reasonable fashion and giving the provisions their proper force and effect. D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 20; State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn., 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996); State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph two of the syllabus.
{¶ 30} The majority’s holding is based on a careful consideration of the plain wording and intent of the statutes as well as proper applications of the established rules of statutory construction. And it reflects the approach taken by several of our appellate courts. See, e.g., State v. Burkhead, 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085, 2015 WL 1291538; State v. Eckles, 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829 (7th Dist.); State v. Smaltz, 6th Dist. Ottawa No. OT-08-008, 2013-Ohio-5350, 2013 WL 6410428; State v. Weideman, 11th Dist. Portage No. 2013-P-0100, 2014-Ohio-5768, 2014 WL 7456402. As importantly, it illustrates a proper application of judicial restraint that affords due respect to the legislature.
{¶ 31} Although any member of the judiciary is certainly entitled to his or her opinion that another justice’s or judge’s interpretation of a statutory scheme is “illogical,” concurring and dissenting opinion at ¶ 55, none of us are entitled to interpret a statutory scheme to make it reflect the logic that the justice or judge wants it to reflect. As we repeatedly have recognized, judicial policy preferences may not be substituted for valid legislative enactments. See, e.g., Painter v. Graley, 70 Ohio St.3d 377, 385, 639 N.E.2d 51 (1994), citing State v. Smorgala, 50 Ohio St.3d 222, 223, 553 N.E.2d 672 (1990).
*304 {¶ 32} It is fully within the province of the General Assembly to set the penalty for a third-degree-felony-OVI offense. Whether we agree or disagree with the legislature’s resolution of policy questions is immaterial to our duty as justices. This is true particularly when the policy questions relate to criminal-sentencing statutes. After all, judges have no inherent power to create sentences. State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, citing Griffin & Katz, Ohio Felony Sentencing Law, Section 1:3, at 4, fn. 1 (2008).
{¶ 33} Rather than interpreting statutes to make them fit our views of what Ohio’s public policy should be, we must harmonize even their most complicated provisions in a manner that is consistent with their wording and the legislative intent that lies behind those words. The majority opinion adeptly does so, rejecting the temptation to adopt a contrary analysis that another court has already labeled “misguided.” Burkhead, 2015-Ohio-1085, 2015 WL 1291538, ¶ 13.
{¶ 34} If we are incorrect in our understanding of the words used by the General Assembly in its complicated statutory scheme for OVI offenders, the General Assembly will amend the statutes to more clearly indicate its intent. Anderson v. Barclay’s Capital Real Estate, Inc., 136 Ohio St.3d 31, 2013-Ohio-1933, 989 N.E.2d 997, ¶ 25; Shay v. Shay, 113 Ohio St.3d 172, 2007-Ohio-1384, 863 N.E.2d 591, ¶ 25 (noting that within six months of a decision interpreting R.C. 3937.31, the General Assembly responded by amending the statute). But until it signals that this court and at least four courts of appeals are incorrect in our understanding of what the legislature intended, judges must apply the sentencing provisions of the Revised Code that govern OYI offenses in the manner set forth by the majority.
Lanzinger, J., concurs in the foregoing opinion.